# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00382-RGK-AS | Date | February 1, 2024 |
| Title | *Angela Talimao v. Avenir Senior Living, LLC* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On December 12, 2023, Angela Talimao ("Plaintiff") filed a Complaint against Avenir Senior Living, LLC ("Defendant") in Los Angeles County Superior Court alleging whistleblower retaliation, wrongful termination, and violations of state wage and hour laws. On January 16, 2024, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks damages for lost wages, unpaid meal breaks, statutory penalties, punitive damages, and attorneys' fees. In support of the removal, Defendant calculates that based on Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00382-RGK-AS | Date | February 1, 2024 |
|---|---|---|---|
| Title | *Angela Talimao v. Avenir Senior Living, LLC* | | |

hourly wage, and assuming she has not obtained subsequent employment, her current lost wages amount to $36,223. Defendant then adds on $82,325 for lost wages accruing during litigation, $20,750 in civil penalties, $2,812 for denied meal breaks, and $80,000 in attorneys' fees, for a total of $222,110.

Defendant, however, fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $36,223 as a starting point, even if civil penalties and damages for unpaid meal breaks are included, the amount in controversy falls short of the statutory minimum. With respect to lost wages accruing during litigation, Defendant provides nothing to support its speculation that Plaintiff could be entitled to recovery of that amount. With respect to attorneys' fees, Defendant improperly relies on unrelated cases involving different facts.[1]

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |

---

[1] District courts within the Ninth Circuit are split on whether to include prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.